# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TINA CARSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 20-00611-CG-N |
| ) | |
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction. Tina Carson ("Carson"), proceeding *pro se*, filed a complaint (Doc. 1) naming the Equal Employment Opportunity Commission ("EEOC") as the sole defendant. Upon consideration, the undersigned **RECOMMENDS** that Carson's complaint (Doc. 1) be **DISMISSED without prejudice** as the Court lacks subject-matter jurisdiction.[1]

## I. Background

Carson filed a complaint naming the EEOC as the sole defendant on December 30, 2020. (Doc. 1). In the complaint, Carson alleges that the EEOC did not properly handle her discrimination claim against her former employer. (Doc. 1, PageID.2). Carson claims that EEOC employees discussed the case outside of her presence, and that she has faced harassment as a result. (Doc. 1, PageID.3). The specific legal claims

---

[1] The undersigned Magistrate Judge has authority to "[s]upervis[e] and determin[e] all pretrial proceedings . . . in civil cases" and to "make reports and recommendations" to the District Judge on dispositive matters. S.D. Ala. GenLR 72(a)(2)(S).

that Carson brings against the EEOC are fraud, libel, and endangerment. (Doc. 1, PageID.1). For a remedy, Carson seeks to have EEOC employees explain their treatment of her sexual harassment claim against her former employer. (Doc. 1, PageID.4). Along with her complaint, Carson filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

## II. Discussion

The Court does not have subject-matter jurisdiction over Carson's suit against the EEOC because, as a federal agency, the EEOC has sovereign immunity. The Federal Rules of Civil Procedure require Carson to establish that the Court has jurisdiction to hear her claims:

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2]

While Carson's *pro se* status gives her some leeway in drafting a complaint, establishing jurisdiction is essential:

> Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . . ." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction). "[T]his leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Even under a liberal construction, Carson's complaint does not include any facts or grounds for relief that pierce the EEOC's sovereign immunity. "Absent a

---

[2] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").[3] The EEOC is entitled to sovereign immunity barring a waiver. *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009); *Bush v. US Equal Employment Opportunity Comm'n*, Case No: 6:18-CV-529-ORL-18TBS, 2018 WL 3719317, at *2 (M.D. Fla. Apr. 12, 2018) (holding that the EEOC was entitled to sovereign immunity), *report and recommendation adopted*, 2018 WL 3711800 (M.D. Fla. Aug. 3, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2011 WL 4527451, at *3 (S.D. Fla. Sept. 28, 2011) (holding that sovereign immunity bars claims against the EEOC); *Reed v. Potter*, No. 1:08-CV-3426-CC-AJB, 2009 WL 10671146, at *2 (N.D. Ga. June 5, 2009) (holding that sovereign immunity bars a *Bivens* claim against the EEOC). Carson has not pleaded any facts or claims that fall within a waiver to the EEOC's sovereign immunity. Accordingly, the Court does not have subject-matter jurisdiction over Carson's suit against the EEOC.

### III. Conclusion

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and S.D. Ala. GenLR 72(a)(2)(S), the undersigned

---

[3] "Sovereign immunity is jurisdictional in nature," which permits the Court to take up any question of a party's entitlement to sovereign immunity *sua sponte*. *See Meyer*, 510 U.S. at 475.

4

**RECOMMENDS** that Carson's complaint (Doc. 1) be **DISMISSED without prejudice**[4] and that the pending motion for leave to proceed *in forma pauperis* (Doc. 2) be declared **MOOT**.

**DONE** and **ORDERED** this the 19th day of February 2021.

>　*/s/ Katherine P. Nelson*
>　**KATHERINE P. NELSON**
>　**UNITED STATES MAGISTRATE JUDGE**

---

[4] Typically, a *pro se* plaintiff would be given an opportunity to amend his or her complaint before dismissal. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* as to parties with counsel)). However, "[d]ismissal with prejudice is proper . . . if the *pro se* plaintiff has indicated that [s]he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Id.* Here, the undersigned finds that a more carefully drafted complaint would not overcome the EEOC's sovereign immunity, and that dismissal—albeit without prejudice—is appropriate.

5

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.